We move to the third case this morning, Sigler v. Geico Casualty Co. Mr. Ferry. Good morning. Dan Ferry on behalf of the plaintiff's appellate. May it please the court. This appeal of a Rule 12b-6 dismissal centers on an insurance policy. Under that policy, defendants promise to pay plaintiff, in the event that he totaled his vehicle, the replacement cost of that vehicle. Actually, no. The policy's coverage grant is a promise to pay collision loss, and you're relying on a limit of liability, which is the most the insurance company is required to pay. But it's not a promise to pay replacement costs. Insurance companies don't pay policy limits in every single case, nor are they obligated to. They don't make that promise. That's decided on a case-by-case basis, so the policy doesn't bear the argument that you're making here. This case turns on the regulation, and the regulation has a default rule that the transfer fees and sales tax must be paid if substantiated in writing and gives a permissive option to the insurance company to pay that or those particular items in a cash lump sum settlement up front without substantiation. But that's permissive. The mandate is to pay if substantiated. So I believe there may be two arguments there, Your Honor. The first is the new argument that defense made on appeal about this being the limit of liability as opposed to the coverage limit. And that was not an argument that was addressed by district court. We have to construe the contract, and this is a very typical insurance contract, and insurance contracts are articulated. There's a coverage grant. That's the promise to pay. Then there are exclusions. Then there are limitations of liability. Then there are exceptions to the exclusion. You're relying on a limit of liability and construing it as a promise to pay, and that's an incorrect reading of an insurance policy, an incorrect reading of this insurance policy. I would say that with respect to the district court's not addressing that argument. It doesn't matter. This is de novo review. Talk to us. I understand, although I do think there are facts that could be played, perhaps. It's not a factual case. It's a legal issue about whether the argument you're making is grounded in a sound interpretation of this contract, and it's not as a matter of basic insurance law as I view the case. Why is that wrong? The policy promises to pay for loss, correct? And this was a loss, and it was a total loss. In that event, the policy does not say what it pays for total loss specifically. It says we pay for loss, and it has the option of either A, paying for loss, or B, repairing or replacing the damaged or stolen property. So it didn't repair or replace the damaged automobile. The defendant chose to pay for the loss. So what is the measure of compensation that they owed this for a total loss? Because it is a total loss of the vehicle, they necessarily owed the actual cash value, that limit of liability. No, that's the most the insurance company will pay. That's the nature of a limit on liability. Insurance companies don't have an obligation to pay policy limits in every single case as a matter of contract interpretation. It's a case-by-case analysis, and insurance companies can insist on substantiation of loss, and that's precisely what the regulation specifies, that if substantiated, your client gets these items. They were not substantiated. The insurance policy, again, I think this is potentially conflating two separate arguments. But turning to the regulation, the insurance policy makes no reference to the regulation. The insurance policy says that in the event of loss, we will pay for the loss. And you say, well, what am I owed under the insurance policy? I suffered an entire loss in my vehicle. The only measure of loss that is then provided within the policy is the actual cash value, which is defined as the replacement cost of the auto, less depreciation environment. That's the limit of liability. It's not a definition of loss. You're misreading the insurance policy. It is the only measure of loss that is provided in the policy. It's a limit of liability. There is no other measure of loss. Maybe we're talking past each other. Insurance contracts are very specific kinds of contract. They're context-specific. It's not an ordinary contract. And as I explained, all insurance policies have a coverage grant. That's the promise to pay. Insurance contracts then have lots of exclusions, and then exceptions to exclusions, and then insurance contracts always have a limit of liability, which is the most the insurer will pay. It's not a promise to pay policy limits in every single case. And that has a specific definition. So, counsel, I think if you look at appendix page 15, it says, the losses we will pay for you, this is down at the bottom, comprehensive, this is excluding collision, we'll pay for each loss. It refers to losses going on to appendix 16, but then on page 15, it defines loss, and it says loss means direct and accidental loss or damage to the auto, including its equipment or other insured property. So I think what Judge Sykes is saying is that if the loss is defined as the damage to the auto, that that coverage provision doesn't necessarily refer to the replacement cost. Well, perhaps I'm a little confused at the point Mayer's making. But I think it's clear that there was a collision loss here and that defendants were thus obligated to pay for that loss. And loss, as it says in paragraph 7 there on appendix 15, loss means direct or accidental loss or damage to the auto. So there was a loss to the auto. It was totaled. They're obligated to pay for the loss. And then on appendix page 18, it says payment of loss. So here's what they're obligated to do. They have to either pay for the loss or repair or replace the damaged or stolen property. They did not repair or replace the damaged auto. So they were under 7A, paying for the loss. And it is our contention that the amount that they chose to pay was the actual cash value, which is the limit of liability. Their letter says we're paying you the value of your vehicle. Now, I understand the point that that is a limit. But we are saying in this case, that is our allegation. It has not been rebutted. And I think that we should have the opportunity to plead additional facts at the trial court level, saying that in this case they did indeed choose to pay the actual cash value. So you're saying that they chose to do it even though the contract didn't obligate them to do it? I'm saying the contract obligated them to pay for the loss. And there's no evidence that the value of the amount of that loss was less than that limit of liability. We are saying that the amount of that loss was the limit of liability. It was the actual cash value. Because what is the actual cash value? It is the replacement cost of the automobile. So if you total your vehicle to be compensated for that loss, you should be entitled to the replacement cost less depreciation. Why is loss defined by actual cash value? That is the actual cash value is the limit of liability. Maybe it helps to actually look at the contract here. On A14, under definitions, it says actual cash value is the replacement cost of the automobile property less depreciation. That's a limit of liability. It's a ceiling. It's not an obligation to pay the ceiling. And I agree with you that that is in the policy a limit of liability. But what our allegation is is that in this case, defendants were obligated to and, in fact, did choose to pay the actual cash value. Where does that obligation come from, though? So you're agreeing with Judge Sykes that it was a limit of liability, but you're not telling us why the contract obligated them to pay you up to the ceiling. The obligation comes from the fact that having suffered the total loss of its vehicle, there is no payment less than that actual cash value limit that would compensate them for their loss, compensate the plaintiff for his loss. Because if you think about it, the actual cash value being defined as replacement cost less depreciation, you couldn't be paid less than that and be compensated for your loss. Except loss is defined in the contract as damage to the auto, including its equipment. It doesn't define it as the replacement value or the actual cash value of the car. So you're paying for the loss, and that's the damage. But the vehicle is completely damaged. GEICO declared it a total vehicle, not the plaintiff. GEICO could have tried to repair it, but they didn't. They said, well, we're going to pay you instead. And how do you compensate someone for a vehicle that you have declared to be totaled by paying them less than replacement cost, less depreciation? You can't. The policy doesn't obligate the insurance company to pay replacement cost. The policy obligates them to compensate them for the loss. Right, and that does not equal replacement cost. But how can they compensate them for the loss without paying replacement cost or depreciation? If you're making a contract claim, you have to point to contract language that supports a promise to pay replacement cost. And there is no promise to pay replacement cost. In our complaint, we pointed to the obligation to pay for the loss. And we said they were obligated, and they did choose to pay the actual cash value. And again, this was not an argument that the district court addressed. This was not an argument that defendants made at the trial court level. I believe that we can plead facts that show that defendants indeed chose to pay the actual cash value. And so if this is the basis on which the court believes there may be no claim, we would respectfully request to remand it to re-plead the complaint. But this was not an argument that was addressed in the trial court level. Looks like I'm going to pass my time. But I would like to address the regulation, save it for rebuttal, or address it now at your preference. Thank you. You're going to save your time for rebuttal? Well, I'd like to address the regulation. And if you prefer, I can address it on rebuttal, or I can address it now. You're actually out of rebuttal time. May I address the regulation briefly? It's up to the presiding judge. Yes. Thank you. The regulation that's being referred to, it's in Administrative Code Title 50, Section 919.80. And Part 919 of the Administrative Code, it deals in proper claims practices. Section 919.20, which discusses the scope and purpose of that part, says this provides minimum standards with which insurers must comply. Section 919.80 says insurers have to pay or make available these replacement and transfer fee costs. And it says you can do it in two ways. You can either make it contingent upon the insured, like plaintiff, providing proof, or you can pay at the time of settlement when you pay for the loss of your vehicle. And, in other words, there's two options, and both are permissive. In the GEICO policy at issue, they say we will pay you, and this is obviously something we just discussed, but in our allegations, we're going to pay you for the loss, and that loss is determined at, excuse me, we're paying you for the actual cash value, and that actual cash value is determined at the time of the loss. So they're not saying that your payment of the entire replacement cost, which is the definition of cash value, will be made contingent upon something that happens in the future, that is the insured going out and incurring these costs and then presenting proof to the insurance company. The policy just simply does not make the payment of these costs contingent upon proof. Section 91980, which expressly permits the insurer, like GEICO, to pay these costs at the time of settlement, is completely consistent with our allegations. There's no law that says that the insurer, like GEICO, is entitled to the less onerous or least onerous way of paying these costs. In fact, the law is clear. For instance, in the Hertz case that we cited at page 18 of our brief, our opening brief, that parties, including insurers, are free to contract to provide more rights than is minimally guaranteed under the law. You better conclude, counsel. Excuse me? I say it's time for you to conclude. With that, I conclude, and we respectfully ask that you reverse or at least remand to replead if you believe that there's not sufficient allegations that the defendants promised and indeed chose to pay the actual cash value of the policy. Thank you. Thank you, counsel. I'll give you additional four minutes. Thank you. Good morning, Your Honors. May it please the Court. My name is Kimberly Kochus, and I'm here on behalf of the GEICO defendants, appellees in this case. Your Honor is absolutely correct. This is a matter of policy interpretation. This is a clear policy, and the policy's insuring provision is very clear that it does not include the losses that plaintiff seeks here, namely sales tax and fees. Because it is not included under the insuring provision, plaintiff asks the Court to look at and rely on a limitation of liability provision. This turns contract interpretation on its head. So, counsel, can you help me? In looking at the contract, so can you give me your definition of loss? What was GEICO obligated to pay him? GEICO is obligated to pay. Well, this is a collision claim, so first you look at the insuring provision, and under collision it says that we will pay for collision loss to the owned or non-owned auto. You then need to look at the definition section, and you see that loss is defined as direct and accidental loss or damage to the auto. And because it's loss or damage to the auto, that does not include the ancillary sales tax and fees that plaintiffs are seeking. And that is precisely why plaintiffs are asking the Court to rely on the limitations of liability provision. Plaintiff does not direct the Court to any insuring provision that provides coverage for the losses that he seeks. As the district court in this case and Judge Kendall in Coleman v. USAA correctly found, the operative provision of GEICO's policy, under Section 3 that we just discussed, does not include, does not provide coverage to the sales tax and fees the plaintiff seeks. Plaintiff improperly asks the Court to ignore these provisions and instead rely on the limitations of liability provision. Plaintiff discussed Illinois Administrative Code 91980C. Illinois Administrative Code 91980C is a mandatory provision that auto insurers must follow in handling claims, and it specifically addresses when sales tax and fees are to be paid in the event of a total loss. So the Code would have required you to reimburse him for his fees if, in fact, he had replaced the car and submitted those to you? Not because of the policy but because of the Code? That's exactly right. And, in fact, Plaintiff's complaint alleges that if he had submitted documentation within the appropriate time, then GEICO would have paid as it is required to do under the Code. And it is clear that Illinois law incorporates administrative codes into the policy as if fully set forth therein. So Plaintiff's argument that the policy doesn't include 91980C's mandatory provisions is just incorrect under Illinois law. In fact, GEICO is obligated to follow the Illinois Administrative Code. Plaintiff conflates the mandatory and permissive provisions in 91980C. GEICO could have elected to pay sales tax and fees at the time of the total loss settlement, but it did not. Instead, it followed the mandatory provisions under 91980C. Plaintiff also argues in his briefing that GEICO was obligated to either, one, repeat the mandatory provisions in 91980C in order to avail itself of them, or to exclude explicitly sales tax and fees from the coverage in order to not pay them. Plaintiff is wrong in both counts. First, there's no obligation for GEICO to exclude something that isn't covered. And, second, permissive mandatory provisions under the Administrative Code are included and incorporated into the policy, but permissive provisions are not. So not only does Plaintiff ask the court to rely on a limitation of liability in the policy, but then he also asks the court to take a permissive provision in the Administrative Code and read it into the policy. Because the district court correctly found that the insuring provision in GEICO's policy does not cover sales tax and fees, and because the court correctly found that Plaintiff's reliance on the limitation of liability provision in order to argue that sales tax and fees are covered is just too speculative, are both correct and should be affirmed. If the court has no further questions, then I ask that the district court's decision below be affirmed. Thank you. Thank you, counsel. Thanks to both counsel. The case is taken under advisement.